41   351
s54  518
55   768

H. A. MERRILL, APPELLEE, V. JOANNA C. WRIGHT ET AL., APPELLANTS.

FILED JUNE 26, 1894.   No. 5471.

Tax Liens: PRESUMPTION OF ASSESSMENT OF TAXES: FORECLOSURE: EVIDENCE: PLEADING.  To uphold the validity of a tax lien sought to be foreclosed, neither a levy nor assessment of taxes will be presumed from the mere introduction in evidence of a treasurer's receipt for taxes, or such treasurer's certificate of a purchase at tax sale, when the existence of such levy and assessment have been put in issue by the answer.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Andrew Bevins*, for appellants, cited: *Ruth v. Lowrey*, 10 Neb., 272; *Miller v. Hurford*, 13 Neb., 13; *Towle v. Holt*, 14 Neb., 227; *Wright v. People*, 4 Neb., 410; *Hassett v. Curtis*, 20 Neb., 164; *Garrison v. Aultman*, 20 Neb., 314; *Aultman v. Leahey*, 24 Neb., 289; *Plummer v. Shellhorn*, 24 Neb., 535; *Olds Wagon Co. v. Benedict*, 25 Neb., 375; *White v. Woodruff*, 25 Neb., 804; *Otoe County v. Mathews*, 18 Neb., 470.

*Henry W. Pennock, contra:*

There is a presumption of law in favor of the due performance of official duty by public officers where such duty is enjoined upon them by law. (*Taylor v. Wilson*, 17 Neb., 88.)

RYAN, C.

Plaintiff in her petition alleged that at public tax sale on November 9, 1887, she bought, for the then due and delinquent taxes of the year 1886 thereon, the west one-half of lot 7, block 24, of the city of Omaha, and paid the county treasurer therefor the sum of $76.46, which was the amount of the county and city taxes of the year 1886, together with interest, penalty, and costs allowed by law, and accordingly received the certificate of such treasurer; that as a part of said tax sale plaintiff was required to pay, and did pay, to said county treasurer other items of taxes on said premises which were due and delinquent at the time of said sale to the amount of $340. An itemized statement of the several items which made up the above aggregate sum of $340 was set out in the petition, from which it appeared that there were thus paid Omaha city taxes of the years from 1879 to 1884, inclusive, the sum of $193.96; special Omaha taxes (sidewalk) for 1876, 1880, 1882, 1883, and 1887 the sum of $65.80. The balance, of $80.24, was for curbing and guttering. Plaintiff further alleged that after said purchase, and as holder of the tax title, she paid city taxes for 1887, 1888, and 1889, amounting, principal and interest, to the sum of $143.05, and in the year 1889, instalments of special paving tax, amounting, principal, interest, and costs, to $92.67. In the petition were these averments:

"6. A tax deed, if taken out on said real estate under and by virtue of said treasurer's certificate of tax sale, would be invalid and ineffectual to convey title to said property, and the plaintiff elects to consider said tax certificate and accompanying receipts a lien on said premises in the nature of a mortgage and to foreclose the same as by law provided."

No reason is given for the assumption that the tax deed, if issued, would be invalid and ineffectual to convey title.

We shall therefore accept this conclusion as fully warranted by the facts.   The petition contained the averments that Joanna C. Wright was, at the time of the filing of the petition, and prior thereto had been, the owner of the real property against which relief was sought; that no proceedings at law had been had for the recovery of the amount of said taxes, and closed with a prayer for a foreclosure of the lien for the payment of the taxes paid, interest, and costs. By the answer it was admitted that Joanna C. Wright was, at the time of the pretended tax sale, and still continued to the date of filing said answer, the owner of the premises against which the foreclosure of a lien was sought, and that no proceedings at law had been had to recover the moneys alleged to have been paid by plaintiff.   Following these admissions was a denial of each and every allegation not admitted in the answer.   There was a decree of foreclosure as prayed in plaintiff's petition, from which the defendants appeal to this court.

We shall not enter into a detailed review of the discussion in the brief as to the sufficiency of other averments of the answer, for this general denial was sufficient, whatever may have afterward been inartistically traversed.   In the reply there was an admission that the taxes described in the petition were assessed and levied against said lot, and that the tax receipts described in the petition were issued to plaintiff upon payment thereof.   These admissions were responsive to no averments of the answer, and cannot be treated as part of the petition in stating a cause of action. (*Savage v. Aiken*, 21 Neb., 605; *Hastings School District v. Caldwell*, 16 Neb., 68; *Holmes v. Hutchins*, 38 Neb., 601.)

In *Merriam v. Hemple*, 17 Neb., 345, it was held that "where the purchaser, at a void sale of real estate for taxes, pays the taxes legally levied upon the real estate for subsequent years, upon a failure of his title he will be subrogated to the rights of the county to the extent of the legal taxes so paid by him, with legal interest, even though the

27

taxes upon which the sale was had were void by reason of the default of the assessor in not filing the proper oath with the assessment roll." This principle, we presume, is that upon which plaintiff bases her right to a foreclosure, but, as will be observed, this goes no farther than to hold that an irregularity in the assessment will not render void the tax lien.

As a sufficient answer to several points made by appellants in this court the appellee quotes the following language of this court found in *Otoe County v. Mathews*, 18 Neb., 470 : "Whatever may have been the holding of this court in cases where it has been sought in a purely legal action to enforce a tax title, or whatever might be the ruling in a direct proceeding against the officers charged with the duty of assessing, levying, or collecting taxes while such proceedings are *in elimini* based upon the failure of the assessor to take, subscribe, or return the oath prescribed by the statute or upon other illegality in the proceedings, it is clear and well settled that in a proceeding in the nature of equity to enforce a tax lien the court will look to the statute and not to the assessment as a foundation of such lien, and will regard the amount of the taxes against the property in question as borne upon the books of the county as unalterably established." The language quoted refers to irregularities in the assessment, though these are styled "illegalities in the proceedings." There is no language, however, either in this or any other opinion of this court which holds taxes paid a lien irrespective of whether such taxes were founded upon any levy or assessment whatever.

In the case under consideration the taxes paid were for the most part city taxes, a large part of which was in discharge of special assessments. There was in the petition no averment of either a levy or of an assessment of taxes. The appellee expressly averred that if she took a tax deed on the sale of the real estate to her, such deed would be invalid and ineffectual to convey title to her. Why this

result would follow is not stated, and for aught that appears in the petition it might have been because of the entire absence of either a levy or assessment. It would be requiring at our hands too much to ask us to assume that the deed would vest no title on account of mere irregularities. The appellee voluntarily placed herself in the same position as would have been the county had it attempted to collect taxes by a foreclosure proceeding. In such a case the county would have been obliged to allege and prove that there had been a levy and assessment—mere irregularities would not invalidate either, but both must be shown to have existed.

In her foreclosure proceedings the appellee had no right to rely upon the county treasurer's certificate of purchase as being sufficient to evidence anything more than the regularity of the sale proceedings conducted by him. This certificate formed the basis of a part of the right of recovery urged in the district court. Another part depended upon mere receipts which recited the payment of money for specified taxes. In *Ellison v. Albright*, 41 Neb., 93, filed at this term, it was held by this court that "as against strangers thereto a receipt is incompetent evidence of the payment thereby acknowledged, for, as against such strangers, such receipt is but the hearsay declaration of the party who signed it, made without opportunity for his cross-examination and independently of the sanction of his oath." To hold that such a receipt would be evidence against third parties of the binding force of the obligation which impelled payment would be absolutely unwarranted, and yet we must go to this extent if we hold that tax receipts are proof of the existence of a levy and assessment of the taxes in evidence of the payment of which the receipt was given. As there was neither plea nor proof of a levy or assessment the judgment rendered by the district court is

REVERSED.