H. A. MERRILL, APPELLANT, V. JOANNA C. WRIGHT ET AL., APPELLEES.

FILED APRIL 8, 1898. No. 7970.

Foreclosure of Tax Liens: PETITION: AMENDMENT: STATUTE OF LIMITATIONS. Where the original petition for the foreclosure of tax liens upon property purchased at sales for taxes was defective merely in the omission of averments of the levy and assessment of such taxes, the filing of an amended petition whereby such averments were supplied, *held*, not to be the commencement of the action in such sense as, meanwhile, to permit the running of the statute of limitations.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J.  *Reversed.*

*Henry W. Pennock,* for appellant.

*Guy R. C. Read, William D. Beckett,* and *Andrew Bevins,* contra.

RYAN, C.

There has already been an opinion filed in this case in which the general nature of the action was fully described.  There was a reversal of the judgment in favor of Merrill because in the petition there was neither averment nor proof of the existence of a levy or assessment of the taxes for the amount of which Merrill had obtained judgment.  (*Merrill v. Wright,* 41 Neb. 351.)  After the cause had been remanded to the district court of Douglas county for further proceedings leave was given to amend the petition, and on December 6, 1894, there was filed an amended petition in which were contained averments of a due levy and assessment of taxes.  To this amended petition the defendants answered that the filing of this amended petition was the commencement of the action, and that as the sales, upon which plaintiff founded the right to a foreclosure of tax liens, had taken place more than four years before such alleged commencement of the action plaintiff's rights were barred by the statute of limitations.  It seems that after issues had been joined subsequent to the filing of the amended petition the cause came on for trial and that an objection to the introduction of evidence, or to something else of the nature of which the record is silent, but by which was invoked the statute of limitations, was sustained and the action was dismissed by the court.  The plaintiff alone has appealed, and we have so far, and hereinafter shall, confine ourselves strictly to a consideration of the complaints of that litigant.

I  is insisted by appellees that this court, in *Merrill v.*

Merrill v. Wright.

*Wright, supra*, held, in effect, that the petition was a nullity. We do not so understand the opinion. The only proof offered by plaintiff in the district court to sustain the right to foreclose the tax liens acquired by purchase at tax sales was the treasurer's certificate of purchase. The averments of the petition were consistent with this theory, and it was held that, in view of the failure to prove, and of the omission to plead, the levy and the assessment of the taxes of which the lien was sought to be foreclosed, the judgment could not be sustained. The action, however, was for the same relief prayed in the amended petition, but in the original petition sufficient facts to entitle plaintiff to that relief were not stated. The argument of the appellees is, however, that because of this failure the petition must be treated as though it was an absolute nullity; in other words, as though no petition had ever been filed. From this principle and its attempted application it would of necessity result that no amendment could be made upon a general demurrer being sustained to a petition. The rules of the Code of Civil Procedure are not thus inflexible. Section 144 of this Code provides that amendments may be made of any pleading, *inter alia*, by inserting other allegations material to the case, and by section 145 it is required that the court, in every stage of an action, shall disregard any error or defect in the pleadings or proceedings which do not affect the substantial rights of the adverse party. We therefore conclude that the bar of the statute of limitations was not well pleaded, and the judgment of the district court dismissing the action of said appellant is accordingly

REVERSED.