WILLIAM G. URE, APPELLEE, V. MARY REICHENBERG ET AL.,
IMPLEADED WITH CLINTON ·ORCUTT, APPELLANT.

FILED FEBRUARY 19, 1902.  No. 10,347.

Foreclosure of Tax-Sale Certificate: CERTIFICATES AND RECEIPTS:
    EVIDENCE.  In an action of foreclosure upon a tax-sale certifi-
    cate, and for prior and subsequent taxes and special assess-
    ments paid by the holder of the certificate, the certificate and
    receipts of the proper officer for prior and subsequent taxes
    and special assessments are *prima facie* evidence of the validity
    of the taxes which they represent.

APPEAL from the district court for Douglas county.
Heard below before FAWCETT, J.  *Affirmed.*

*Charles W. Haller,* for appellant.

*H. W. Pennock, contra.*

SEDGWICK, J.

This is an action brought in the district court of Doug-
las county to foreclose tax liens.  The petition contains
two causes of action,. each of which counts upon a tax sale,
as evidenced by the treasurer's certificate, and the payment
of subsequent taxes and special assessments thereunder.
The answer, after setting up other matters, which, in our
view of the case, it is not necessary now to discuss, pleads
title in the defendant under a mortgage foreclosure.  The
reply is a general denial.  At the trial the plaintiff offered
in evidence the treasurer's certificates of tax sale, with
proof of his ownership thereof, and also the receipts of the
treasurer for subsequent taxes and special assessments

against the property, all of which were received in evidence. No other evidence was offered, and decree was entered for the plaintiff foreclosing his liens as prayed, and defendant appeals.

It is contended that this evidence was not sufficient to support the decree. Our statute provides for the foreclosure of tax liens by action in all respects, "as far as practicable, in the same manner and with like effect as though the same were a mortgage executed to the owner of such certificate or certificates for the amount named therein, together with such subsequent and prior taxes paid thereon by the person having or owning the title to said land or lot adverse thereto." Each certificate "together with prior and subsequent taxes paid thereon shall be deemed and stated as a separate cause of action." Revenue Act, sec. 179. (Compiled Statutes, ch. 77, art. 1.) It is also provided that the certificate "shall be presumptive evidence of the regularity of all prior proceedings." Sec. 116, *idem.* It was said by the supreme court of Wisconsin in *Manseau v. Edwards,* 10 N. W. Rep., 554, "We think, however, it [their statute] has a far different purpose, and was intended to make the production in evidence of a tax certificate sufficient to establish a cause of action in this class of cases, thus relieving the plaintiff from the *onus* of showing that all the tax proceedings, from the listing of the land for taxation to the sale, were regular and in conformity to law. In the absence of the provision it would probably be necessary for the owner of the certificate, when he sought this remedy, to plead and prove every essential step in the tax proceedings up to the sale. * * * But that provision has the effect to make the tax certificate *prima facie* evidence of the regularity of all the prior tax proceedings, including the liability of the land to taxation. This proceeding to foreclose a tax certificate is one especially favorable to the owner, who has an opportunity by it to discharge the lien, if valid, and save his land. It is not at all in the nature of a forfeiture." The procedure is as indulgent to the delinquent taxpayer as it well could be;

and provide any means whatever for the enforcement of the payment of taxes. Under such circumstances the legislature has seen fit to relieve the holder of the tax certificate of the necessity, in the first instance, of setting out in his pleadings and producing the assessment rolls and other evidence to prove the liability of the property to taxation, and the regularity of all the proceedings, as he would have been required to do to establish a tax title at the common law. It is not a hardship upon the property owner to require him to show the reason, if he has any, for his supposed delinquency. If the property was not liable to taxation, or if for any other reason the tax is not a lien thereon, he may avail himself of that defense by proper pleadings and proof. But the legislature has provided in unmistakable terms what the holder of the lien must allege and prove to make a *prima facie* case. When this statute was enacted the practice upon foreclosure of mortgages was well settled and generally understood. That practice was, by the statute, made applicable to foreclosure of tax-sale certificates. The certificate is considered as a mortgage executed by the owner of the property to the holder of the certificate, and the certificate is *prima facie* evidence of all proceedings prior thereto, as well as that the land was liable to taxation. Prior and subsequent taxes paid by the holder of the certificate are as plainly included as is the tax represented by the certificate itself. The mortgagee who had paid delinquent taxes might include such taxes in his petition to foreclose the mortgage, and recover them, whether or not it was so expressly stipulated in the mortgage. *Northwestern Mutual Life Ins. Co. v. Butler,* 57 Nebr., 198, and cases cited. The production of the tax receipt of the proper officer was sufficient *prima facie* evidence to support such recovery. The legislature in express terms adopted this procedure in the foreclosure of tax-sale certificates. The provision is that the claim of the plaintiff is to be considered and proceeded with as though the person having or owning the title (Compiled Statutes, ch. 77, sec. 179) adverse to plaintiff's

claim had executed a mortgage for the amount named in the certificate, together with the subsequent and prior taxes paid thereon, and the action were to foreclose such mortgage. In the light of the procedure in mortgage foreclosures, well established in this state at the time the statute was enacted, it construes itself. In an action to foreclose upon a tax-sale certificate, if the land was not liable to taxation for the taxes represented by the certificate, or subsequently paid, such defense would be analogous to the defense of want of consideration in the foreclosure of a mortgage. If such defense is interposed, the certificate and receipts of proper officers for subsequent taxes paid are sufficient *prima facie* evidence to support the plaintiff's claim, as the mortgage and receipts for subsequent taxes paid would be sufficient in an action of foreclosure thereon; but in either case such evidence is not conclusive. When the defendant has introduced evidence overcoming this presumption, the plaintiff must furnish other evidence. The burden of proof is upon the plaintiff throughout to establish his case by preponderance of the evidence. The certificates and receipts are sufficient for that purpose if no other evidence is offered.

This court in an early case held that the county treasurer's certificate of the sale of the lands for delinquent taxes is presumptive evidence of the regularity of all prior proceedings, including the assessment, equalization, levy, advertisement, sale and payment of the purchase money. *Bryant v. Estabrook*, 16 Nebr., 217. In *Leavitt v. Bell*, 55 Nebr., 57, it is said: "Where a lien is sought to be enforced or foreclosed for general taxes then, doubtless, the presumption is that the statutes in reference to the levy and assessment of these taxes, and the sale of the real estate for their non-payment, have been complied with, and the burden of showing irregularities, or that such a tax is void, is upon the party asserting the fact. *Adams v. Osgood*, 42 Nebr., 450. But no such presumption can be indulged when a lien is sought to be enforced against real estate for a sale made thereof for the non-payment of spe-

cial taxes or assessments,"—citing *Smith v. City of Omaha,* 49 Nebr., 883. Neither of these cases is in point here. They were not actions to foreclose tax-sale certificates and liens for subsequent taxes and assessments, but were actions in which it was necessary for the tax claimant to alleged and prove the validity of his tax lien; and the court was applying the common-law rule. The provisions of section 179 did not apply, and were not referred to The same, also, is true of *Adams v. Osgood,* 42 Nebr., 450. In each the court states the general principle that "tax receipts alone are not evidence of the existence of the taxes to which they relate," but no reference is made to the statute. That the court was not considering the question under discussion here is apparent from the fact that *Miller v. Hurford,* 13 Nebr., 13, is cited as supporting the doctrine above quoted; and the latter case, although decided by this court soon after the revenue law of 1879 took effect, was predicated upon transactions prior to that act, and the effect of the statute was not determined. *Darr v. Wisner,* 63 Nebr., 305, involves the point herein determined, and announces a different rule; but in that case the statute in question was not brought to the attention of the court, and was not considered. It is said in the syllabus, "Where the levy and assessment are disputed by the pleadings, the presentation of a tax receipt alone does not raise any presumption in favor of the regularity of the assessment or levy of the taxes for which it calls." This statement is technically correct, and, so far as the case holds that in an action to foreclose a tax certificate, and for prior or subsequent taxes or special assessments paid, the presentation of a regular receipt of the proper officer for such prior or subsequent taxes or assessments paid, together with the certificate of tax sale, does not raise any presumption of the regularity of the levy or assessment of the taxes for which such receipt calls, that case is overruled.

The decree of the district court is

AFFIRMED.