ELLSWORTH JOHNSON, APPELLANT, V. AMERICAN SMELTING
AND REFINING COMPANY, APPELLEE.*

FILED DECEMBER 5, 1907. No. 14,967.

1. **Pleading**: AMENDMENT: CONSTRUCTION. Original and amended peti-
tions examined, and *held* that the amended petition did not state
a different cause of action from that attempted to be set up in
the original petition.

2. ———: ———: LIMITATIONS. A plaintiff has a right to file an
amended petition setting up a good cause of action after the
sustaining of a general demurrer to his original petition, not-
withstanding the fact that the statute of limitations has run
prior to the filing of the amended petition, provided the amended
petition does not seek to recover upon a new and independent
cause of action; and it is error to sustain a motion to strike
such an amended petition from the files.

3. **Appeal**: AMENDED PETITION: MOTION TO STRIKE: REVIEW. When an
amended petition has been stricken from the files upon the ground
that it states a different cause of action from that set forth in the
original petition and one that is barred by the statute of limita-
tions, the plaintiff is entitled on appeal to review the ruling of
the court in striking the amended petition from the files.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Reversed with directions.*

*John M. Macfarland* and *Weaver & Giller*, for appel-
lant.

*Crofoot & Scott, contra.*

GOOD, C.

On the 14th day of April, 1903, the plaintiff commenced
this action in the district court for Douglas county against
the defendant to recover damages for a personal injury,
alleged to have been sustained on the first day of July,
1899. To the petition filed by the plaintiff the defendant
interposed a general demurrer. On the 21st day of March,
1904, an amended petition was filed, and on the day fol-

* Rehearing allowed. See opinion, p. 255, *post.*

lowing the district court sustained the demurrer to the original petition, and granted leave to file an amended petition instanter. While it does not appear that the plaintiff consented to the sustaining of the demurrer, that inference may be drawn from the fact that he filed an amended petition on the day previous to the ruling of the court on the demurrer. Thereafter the defendant filed the following motion: "Comes now the defendant, and moves the court to strike from the files the amended petition in this cause filed, for the reason that the amended petition sets forth a new and different cause of action from that set forth in the original petition, and one that was barred by the statute of limitations at the time of the filing of said amended petition." This motion was sustained on the 21st day of November, 1904. On the 4th day of February, 1905, plaintiff filed a second amended petition, practically identical in form with the original petition, which petition was, on motion of the defendant, stricken from the files, upon the ground that it was not an amended petition, but a copy of the original petition, to which a demurrer had been theretofore sustained by the court. Thereupon the plaintiff filed a motion, requesting leave of court to withdraw his consent to the sustaining of the demurrer to his original petition, which leave was granted by the court. Under the date of April 28, 1906, appears the following journal entry: "And now on this day come the parties hereto by their attorneys, and this cause comes on to be heard upon a demurrer of the defendant to the original petition of the plaintiff herein, and is argued and submitted to the court; and, after due consideration and being fully advised in the premises, the court does sustain said demurrer, to which the defendant duly excepts, and is by the court granted ten days to amend his original petition." The plaintiff refused to plead further, and upon motion judgment of dismissal was entered. Plaintiff appeals, and assigns as error the order of the court in sustaining the motion to strike his first amended petition, the order of the court in sustaining the motion to

strike his second amended petition, the order of the court in sustaining the demurrer to the original petition, and the order of the court in rendering judgment of dismissal.

The first question for determination is as to whether or not the court erred in sustaining the motion to strike the first amended petition. In order to determine this question, it becomes necessary to examine both the original and the first amended petitions. In the original petition the plaintiff alleged the corporate capacity of the defendant; that it was engaged in operating a smelter in Omaha; that it had succeeded "to the rights, property and liabilities of the Omaha & Grant Smelting Company"; that the defendant is now the owner of said smelting property, and running a smelter; that on or about the first day of July, 1899, "the predecessor of the defendant herein owned and operated" the said smelter. Then plaintiff averred that "he was employed by the predecessor of the defendant, and was working for them as a common laborer on or about the 1st day of July, 1899, and that he was under the direction and control of John T. Wolfe, a foreman of said party, and a foreman of the defendant herein"; that while he was so employed for the predecessor of said defendant under said foreman, on or about the 1st day of July, 1899, "he was instructed by Wolfe to take out a broken jacket, and put on a new jacket, from a hot furnace," etc. Then follow the allegations of his injury and the extent thereof, closing with the following: "That said injury was the result of the carelessness of the defendant and their foreman, and was without any negligence on the part of the plaintiff." In the first amended petition it is charged that the defendant at the time of the injury owned and operated the smelter, and that the plaintiff was in its employment, and acts of primary negligence were charged to the defendant, which caused the injury complained of. There is no question raised as to the first amended petition stating a cause of action against the defendant. Appellee contends that the amended petition sets forth a different cause of action from the original

petition, and that the statute of limitations had run prior to the filing of the amended petition, and that it was therefore proper to strike the amended petition from the files. We do not concur in this view. The cause of action for which plaintiff sought a recovery was for the injury sustained by him while replacing a broken jacket upon a hot furnace on the 1st day of July, 1899, and that through the negligence of the foreman, Wolfe, he was injured and sustained damages. The same injury, happening at the same time, in the same place, and under the same circumstances, is the basis of his action in each instance. It was not a new cause of action that he set up in the amended petition. It is doubtless true that the cause of action was defectively pleaded in the original petition. The principal defect therein was that it failed to show that the defendant was responsible for the employment of the plaintiff, or that it was responsible for the action of the foreman, Wolfe. The petition was defective, in that it failed to connect the defendant with the negligence, which, it was alleged, produced the injury.

The rule is well settled that an amendment should not be permitted for the purpose of setting up a new cause of action; but this does not forbid the amplification of the original cause of action. Nor does it prevent an amendment whereby a cause of action would be stated, when none was stated in the first instance, if it appears that it is the same cause of action that was attempted to be set up in the first instance. The court will be liberal in allowing amendments when the cause of action is not totally different. Bliss, Code Pleading (2d ed.), sec. 429. "Where a proposed amendment consists of new matter relating to the subject of the action as set forth in the complaint, and is not a new and independent cause of action, the fact that the statute of limitations has attached to it pending the suit is a strong reason for allowing the amendment instead of refusing it." 1 Ency. Pl. & Pr. 518, and authorities there cited. "The courts are not entirely agreed as to the right of the plaintiff to substitute a differ-

ent form of action from that set forth in the petition. But the better rule seems to be that, so long as the subject of the action remains substantially the same, an amendment may be permitted." Maxwell, Code Pleading, 578, 579. In the case of *Norfolk Beet-Sugar Co. v. Hight,* 59 Neb. 100, it is held: "A petition in which the cause of action is insufficiently or defectively stated may be amended by adding other allegations to remedy or cure the defects. The statute of limitations does not run against the amended pleading wherein the amendment consists in setting forth a more complete statement of the original cause of action." In the case of *Kuhns v. Wisconsin, I. & N. R. Co.,* 76 Ia. 67, it was held proper to permit an amendment after the bar of the statute, setting forth additional and other grounds of negligence than those stated in the original petition; that, as long as it was the same injury for which recovery was sought, the identity of the cause was maintained, although different grounds were alleged as the producing cause of the injury. In *McKeighan v. Hopkins,* 19 Neb. 33, it was held proper to permit a petition to be amended so as to change the form of the action from one in ejectment to a petition to redeem, upon the ground that the object in both cases was to recover the land, and that the identity of the cause of action was maintained, though there was a change of form. And in that case it was held that the statute of limitations did not run, though the statutory period had elapsed prior to the amendment. The same doctrine is substantially set forth in *Merrill v. Wright,* 54 Neb. 517. We therefore conclude that the district court erred in striking the amended petition from the files.

Appellee contends that the order of the trial court in permitting plaintiff to withdraw his consent to the sustaining of the demurrer to the original petition did not have the effect of setting aside the order sustaining the demurrer, and that, as plaintiff took no exception to the ruling of the court in sustaining the demurrer, he has no standing in this court. If such were the rule, then, in

any case where plaintiff's petition was defective, and a demurrer thereto was properly sustained, and he should file an amended petition stating a good cause of action, which should be stricken from the files, even though erroneously, the plaintiff would be without a remedy. The object of pleadings is to arrange for the orderly trial and disposition of a case upon its merits, and amendments of pleadings are always allowed in the furtherance of justice. To our minds the rule contended for by the appellee would amount to a bit of legal jugglery, whereby the plaintiff would be deprived of a hearing upon the merits of his cause. *Wheeler v. Barker,* 51 Neb. 846, is a case somewhat similar to the case at bar. It was there held that, where the amended petition had been stricken from the files, after the sustaining of a demurrer to the original petition, plaintiff might, by proceedings in error, review the order of the trial court in striking the amended petition from the files. And it was further held that, if upon examination the amended petition was not substantially the same as the original petition, it was error to strike it from the files.

We think it therefore follows that the trial court erred in striking from the files the amended petition and in rendering judgment of dismissal, and that the judgment should be reversed and the cause remanded, with instructions to restore to the files the first amended petition.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to restore to the files the first amended petition.

REVERSED.

The following opinion on rehearing was filed May 7, 1908. *Former opinion vacated and judgment of district court affirmed:*

1. **Pleading:** CAUSE OF ACTION. All facts which, taken together, are necessary to fix the responsibility for an injury complained of constitute a cause of action.

2. ————: AMENDED PETITION: NEW CAUSE OF ACTION. A cause of action alleged in an amended petition, although founded upon the same injury as that described in the original, is a different cause of action, if it is dependent entirely upon different reasons for holding the defendant responsible for the wrong alleged.

3. ————: ————: ————. The original petition alleged a personal injury and consequent damages to plaintiff because of the negligence of a third party, and that defendant succeeded to the liabilities of such third person; the amended petition alleged that said injury was caused by defendant's negligence. *Held,* That the amended petition stated a new and different cause of action.

4. ————: CONCLUSIONS OF LAW. In testing the sufficiency of a pleading, mere conclusions of law will be disregarded.

5. **Judgment Vacated.** Our opinion herein, *ante,* p. 250, vacated.

EPPERSON, C.

After the opinion reported *ante,* p. 250, was filed herein, a rehearing was allowed. A history of the case may be found in the former opinion. In the original petition plaintiff pleaded an injury received by him through the negligence of a third party, the Omaha & Grant Smelting Company. He sought to charge defendant therewith by alleging that defendant succeeded to the rights, properties and liabilities of such third party. Following this allegation the plaintiff specifically set forth the nature of the negligent acts complained of on the part of the Omaha & Grant Smelting Company and on the part of their foreman, Wolfe. He alleges that said Wolfe is also the foreman of the defendant herein, but definitely sets forth that it was while the plaintiff was employed by defendant's predecessor that he received the injury complained of. After making these specific allegations, the plaintiff alleged "that said injury," meaning necessarily the injury inflicted through the carelessness of the Omaha & Grant Smelting Company, "was the result of the carelessness and negligence of defendant and their foreman." A de-

murrer was sustained to this petition, to which the plaintiff apparently consented. Whereupon he presented the amended petition, in which he alleged that the same injury was caused by the negligence of the defendant and its foreman. The question arises whether the amended petition, which was stricken from the files, stated a new and different cause of action, or was it a proper substitute for the original petition. The plaintiff attaches significance to the phrase appearing in the original petition, "that said injury was the result of the carelessness and negligence of the defendant and their foreman," claiming that it charges defendant with negligence, and which would permit of an amendment more specifically alleging such cause. It is true that a general averment that the defendant was negligent, without setting forth the negligent acts or omissions, is good as against demurrer. But was the allegation referred to a general allegation of neggence on the part of the defendant? A pleading must be taken in its entirety to ascertain the cause of action or defense relied on by the pleader, and, as the original petition specifically set forth the negligence of a third party as the cause of his injury, the phrase now relied on by the plaintiff may not be given the weight of a general allegation of negligence. The phrase is contradictory. "Said injury" means the injury previously described in the petition. That was the injury inflicted by the Omaha & Grant Smelting Company. It could not have been caused by the negligence of the defendant. The allegation was but an illogical inference of the pleader.

If recovery may be had under the original petition, it is because defendant succeeded to all the liabilities of the Omaha & Grant Smelting Company. More than four years after the alleged injury, the plaintiff filed his amended petition, charging the defendant with negligence. He set forth the same injury as that alleged in the original petition, except that he now alleges that it was inflicted by defendant instead of its predecessor. If this is

20

a new and different cause of action it is barred by the
statute of limitations. In our former opinion we con-
sidered that the amended petition was a mere amplifica-
tion of the original cause of action. We there said: "The
cause of action for which plaintiff sought a recovery was
for the injury sustained by him while replacing a broken
jacket upon a hot furnace on the 1st day of July, 1899,
and that through the negligence of the foreman, Wolfe, he
was injured and sustained damages. The same injury,
happening at the same time, in the same place, and under
the same circumstances, is the basis of his action in each
instance. It was not a new cause of action that he set up
in the amended petition." Further consideration has con-
vinced us that we were in error in holding that it was
not a new cause of action that he set up in his amended
petition. It is the same injury, but a different liability is
alleged against the defendant. It now appears that the
failure to observe the distinction resulted in the erroneous
conclusion reached at the former hearing. The injury, it is
true, is the subject of the action. Had no injury been
suffered, there would have been no cause of action. The
cause of action in any case embraces, not only the injury
which the complaining party has received, but it includes
more. All the facts which, taken together, are necessary
to fix the responsibility are parts of the cause of action.

In *Buerstetta v. Tecumseh Nat. Bank,* 57 Neb. 504, it
appears that the original petition filed therein alleged
that the plaintiff had deposited with the third party, a
bank, certain money represented by certificates of deposit,
which remained unpaid. She sought to hold defendant by
alleging that it succeeded to the business of the third
party, and its liability to plaintiff. Later plaintiff filed an
amended petition containing additional allegations charg-
ing defendant with fraud. It was held that the additional
facts pleaded in the amended petition constituted a sep-
arate and distinct cause of action independent from that
stated in the original petition, and that the statute of
limitations against the cause of action pleaded in the

amendment ran until the filing of such amended petition. See, also, cases reviewed in that opinion. In *Box v. Chicago, R. I. & P. R. Co.*, 107 Ia. 660, it was held: "In an action to recover damages for negligence, 'the cause of action,' as used in pleading, is not the injury wrongfully inflicted through defendant's negligence, but is the fact or facts that justify the action, or show the right to maintain it." The original petition in that case charged defendant with negligence in using different systems of bumpers in the coupling of its cars. The amended petition, which was held by the court to have been improperly allowed, charged negligence to the defendant, in that the injury was caused by its having bumpers loose and out of repair. The conclusion of the court was that the amendment charged a different cause of action. It changed the nature of the action pleaded in the original petition, and should not have been allowed. In the opinion we find the following: "The cause of action is the fact or the facts that 'justify it, or show the right to maintain it.' Hence, when a material fact, necessary to a recovery, is omitted from a petition, we say it does not state a cause of action." In the opinion the court quoted from *Rodgers v. Mutual E. A. Ass'n*, 17 S. Car. 406, as follows: "What is a cause of action? We must keep in view the difference between the subject of action and the cause of action. The subject of action is what was formerly understood as the subject matter of the action. *  *  * The cause of action is the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant, on the other, *and these appear by the facts of each separate case.*" In *Union P. R. Co. v. Wyler*, 158 U. S. 285, it was held that the amended petition, alleging that the plaintiff's fellow servant was negligent and caused the injury, was a departure from the original allegation of the negligence on the part of the defendant in the employment of an incompetent person who caused the injury. In *Van Patten v. Waugh*, 122 Ia. 302, 98 N. W. 119, it was held that an amendment, alleging that the claimant was surety upon

certain notes, which he originally declared upon as owner, and which by reason of his liability as surety he was required to pay, was a different cause of action, and could not be sustained. In the opinion in that case the court recognizes the rule that, where the gist of the action remains the same, the court has the right to permit the plaintiff to withdraw his original declaration and file an amended one. The court, speaking through Ladd, J., say: "The mere fact of indebtedness does not indicate the cause of action out of which it arises. Otherwise an amendment alleging tort might be said not to add a new cause in an action on contract. As long as the pleader adheres to the contract or injury originally declared on, he may change the form or amplify his allegations; but he cannot inject by amendment an entirely new cause of action, and by so doing avoid the bar of the statute of limitations, which has run against it." In *Phœnix Lumber Co. v. Houston Water Co.*, 59 S. W. (Tex. Civ. App.) 552, it is held: "A petition alleged an express contract between plaintiff and a water company of which defendant was the successor to protect plaintiff's premises from fire, a breach of such contract, and loss by reason of defendant's failure to furnish sufficient water pressure as agreed, by reason of which the fire loss occurred. After the expiration of limitations an amendment was filed, which abandoned all reference to the contract, and alleged the facts as tending to impose on defendant a duty by implication of law to exercise ordinary care to supply water to the premises available for fire protection, and alleged that by reason of defendant's negligent failure to supply water plaintiff was damaged, etc. *Held*, That, plaintiff's cause of action alleged in the petition and amendment being essentially different, the former alleging an obligation *ex contractu* and the latter a cause of action *ex delicto*, and no fact of negligence except that arising from defendant's breach of contract being relied on to support the same, the amendment was improper, and the action was barred." In *Woodward v. Northern P. R. Co.*, 111 N. W. (N. Dak.)

627, plaintiff alleged in his first petition that he was the owner of certain premises destroyed by fire through defendant's negligence. He attempted to amend by alleging that he was the assignee of the owner of premises destroyed, or, in other words, that he was the assignee of the chose in action. The court denied him the right to thus amend, for the reason that he attempts to set up a cause of action entirely distinct from that originally pleaded. In *Gilleland & Dillingham v. Louisville & N. R. Co.,* 119 Ga. 789, 47 S. E. 336, it was held: "A declaration sounding in tort, seeking to recover from the defendant as a common carrier for the breach of its duty to furnish a suitable car for the transportation of live stock, cannot be amended by setting up as the basis of recovery a special contract between the parties for the equipment of the car." In line with the decisions above quoted or referred to at some length are the following decisions: *Boston & M. R. Co. v. Hurd,* 108 Fed. 116; *Phelps v. Illinois C. R. Co.,* 94 Ill. 548; *Blake v. Minkner,* 136 Ind. 418; *Parsons Water Co. v. Hill,* 46 Kan. 145; *Meeks v. Southern P. R. Co.,* 61 Cal. 149; *Campbell v. Campbell,* 133 Cal. 33.

The rule controlling the amendment of pleadings is liberal, but from the great weight of authority and the better reasoning it will not be expanded to such an extent as to permit the bringing in of a new or independent cause of action. A cause of action alleged in an amended petition, although founded upon the same injury as that described in the original, is a different cause of action, if it is dependent entirely upon different reasons for holding the defendant responsible for the wrong alleged. In *Kuhns v. Wisconsin, I. & N. R. Co.,* 76 Ia. 67, cited in our original opinion, an amendment was permitted after the bar of the statute, but such amendment was, as it appears in the opinion of the court, "nothing more than a more specific statement of the averment in the original petition." It appears therein that the amendment did not attempt to allege a reason for the defendant's liability to

the plaintiff, other than the reasons set forth in the original pleadings. It did not attempt to change the nature of the defendant's liability or to allege a different liability than that originally pleaded. In both the amended and original petitions primary negligence on the part of the defendant was charged. In *Norfolk Beet-Sugar Co. v. Hight,* 59 Neb. 100, the amendment permitted was a mere amplification of the original statement. "It charges no additional wrongful act, but merely states another fact to sustain the charge already made." In *McKeighan v. Hopkins,* 19 Neb. 33, the identity of the cause of action was preserved in the amendment allowed, although the prayer for relief was changed from one in ejectment to one to redeem. *Merrill v. Wright,* 54 Neb. 517, was an action wherein the plaintiff sought the foreclosure of tax liens upon property purchased at sales for taxes. The petition was defective, in that it failed to allege the levy and assessment of such taxes. By the amended petition plaintiff supplied these defects. The amendment pertained to the original cause of action, which was defectively stated in the original. There was no attempt to change the nature of the action, nor to allege a different liability than that defectively set forth in the original petition. Without further review of the authorities cited in our former opinion, it will be noticed that each of them is distinguishable from the case at bar, in that here the amended petition changed the nature of the action, in that it sought to recover because of an alleged liability of a different nature.

The sustaining of the demurrer to the original petition is assigned as error. After the second amended petition was striken from the files, the plaintiff withdrew his consent to the first order of the court sustaining a demurrer to the original petition, so that the case came for hearing again in the lower court upon that demurrer. As above stated, the allegation charging the defendant with liability is that it has succeeded to all the rights, properties and liabilities of the Omaha & Grant Smelting Company, which inflicted the injury complained of in the petition

now under consideration. This allegation also is but a conclusion of law. It is not alleged that the defendant entered into any contract whereby it assumed the liabilities of its predecessor, nor are any facts set out from which it could be inferred that the defendant had become subject to the liability alleged by the plaintiff. As a matter of law, a corporation which succeeds to the business of another is not liable in damages for the torts of the latter. That defendant "succeeded to the liabilities of the Omaha & Grant Smelting Company" is insufficient to hold it responsible to plaintiff. As argued by defendant: "Plaintiff might just as well have limited his petition to the simple allegation that the defendant was indebted to the plaintiff in the sum of $2,000, as to set forth certain acts of negligence on the part of the third party, and then merely allege the conclusion that the defendant had succeeded to the obligation thus incurred by such third party." In testing the sufficiency of a pleading, mere conclusions of law will be disregarded. *Woodward v. State,* 58 Neb. 598.

It follows that the court committed no error in striking the second amended petition, which was substantially the same as the original; nor in dismissing the case.

We recommend that our former opinion be vacated, and the judgment of the lower court affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the former opinion is vacated, and the judgment of the lower court affirmed.

JUDGMENT ACCORDINGLY.