EDWARD WESTOVER, APPELLEE, V. ABRAHAM L. HOOVER ET
AL., APPELLANTS.

FILED NOVEMBER 12, 1913.   No. 17,990.

Limitation of Actions: AMENDMENT OF PETITION: NEW CAUSE OF
ACTION. When this action was commenced it was brought and
was tried on the sole theory of a failure of a master to provide
a safe place for his servant to work. Plaintiff recovered, and on
appeal to the supreme court it was held that the relation of
master and servant did not exist between plaintiff and defendants
at the time the plaintiff received his injuries. When the cause
was remanded to the district court the plaintiff filed an amended
petition eliminating the allegations relating to master and serv-
ant, and alleged that plaintiff was working for an independent
contractor at the time he was injured, and was on the defend-
ants' premises by their invitation; that he received his injuries
by reason of defendants' negligence as inviters upon their prem-
ises. *Held*, That the amended petition having been filed more
than four years after the plaintiff's injuries occurred, the cause
of action stated therein was barred by the statute of limitations.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Reversed and dismissed.*

*F. C. Strode, Jesse L. Root* and *M. V. Beghtol,* for ap-
pellants.

*E. P. Holmes* and *G. L. De Lacy, contra.*

BARNES, J.

This case is before us on a second appeal. Our former
opinion is reported in 88 Neb. 201, where the facts of the
case are fully stated, and, except such of them as may be
necessary to a determination of this appeal, will not be
repeated in this opinion.

The former appeal resulted in a reversal of the judg-
ment of the district court, and when the cause was re-
manded for further proceedings the plaintiff amended his
petition and sought a recovery on the ground that, while
he was employed by an independent contractor, he was at

work upon the defendants' premises by invitation, and was injured by the negligence of the defendants in not furnishing a safe place to work, in not having the premises sufficiently lighted, and by negligently failing to warn the plaintiff of the dangers there existing by reason of the installation and operation of an ice machine in close proximity to the place where the plaintiff was working. Among other defenses the defendants pleaded the statute of limitations. On the second trial the plaintiff had the verdict and judgment, and the defendants have appealed.

It is contended that the court erred in not sustaining the plea of the statute of limitations, and in not directing a verdict for the defendants. When this action was commenced it was one to recover for personal injuries alleged to have been sustained by the plaintiff while in the defendants' service on account of having been set to work by one De Vore, the defendant's foreman, in an unsafe place containing an ice machine in operation, the premises not being properly lighted, the machine being composed in part by a piston and revolving wheel, which was left unguarded, and no warning was given to plaintiff as to the danger, by reason of which his heel was caught and crushed by the revolving wheel and piston. The case was tried upon that theory, and there was no suggestion that the defendants had incurred any other liability than that of a master to his servant. On the former appeal it was held that the relation of master and servant did not exist between the plaintiff and the defendants at the time when the injury was sustained, and for that reason the judgment of the district court was reversed and the cause was remanded for further proceedings. When the mandate was returned to the district court the plaintiff amended his petition by eliminating the allegation that he was defendants' servant at the time he received his injuries, and there was substituted the allegation that plaintiff was working for an independent contractor, and was upon the defendants' premises by their invitation; that he was injured by their negligence, as above stated. The amended

petition was filed more than four years after the plaintiff sustained his injuries, and, if in effect it stated a new and different ground of recovery, then the bar of the statute was complete, and the trial court should have directed a verdict for the defendants in compliance with their request.

In support of their contention the defendants cite the case of *Johnson v. American Smelting & Refining Co.*, 80 Neb. 250. In the opinion on a rehearing in that case (p. 255) the rule contended for is stated as follows: "A cause of action alleged in an amended petition, although founded upon the same injury as that described in the original, is a different cause of action, if it is dependent entirely upon different reasons for holding the defendant responsible for the wrong alleged."

In an opinion by the present chief justice of the United States in *Union P. R. Co. v. Wyler*, 158 U. S. 285, the effect of a departure from the theory first presented in an action is discussed, and, in disposing of the argument that all the facts necessary to entitle the plaintiff in that case to recover were alleged in the original petition, it was said: "It is argued, however, that, as all the facts necessary to recovery were averred in the original petition, the subsequent amendment set out no new cause of action in alleging the Kansas statute. If the argument were sound, it would only tend to support the proposition that there was no departure or new cause of action from fact to fact, and would not in the least meet the difficulty caused by the departure from law to law."

*Martin v. Pittsburg R. Co.*, 227 Pa. St. 18, was an action brought originally to recover for the death of the plaintiff's husband. The negligence charged was shown to be unfounded, and it was held that plaintiff could not amend by setting up a different theory charging different negligence after limitations have become a bar. Where an action is brought to recover for the death of a person, not an intending passenger, at a street crossing, and the evidence shows no negligence on the part of defendant

railroad company, an amended statement alleging that the person injured was an intending passenger will not be allowed after limitations have become a bar.

*Allen v. Tuscarora V. R. Co.,* 229 Pa. St. 97, was an action brought by a brakeman against a railroad company for injuries received while coupling cars. The original statement was in trespass at common law alleging that the injuries were caused by defendant's negligence in using a coupler more dangerous than the ordinary coupler employed by railroads. An amendment alleging that the defendant was, at the time of the injury, engaged in interstate commerce, with its cars equipped with couplers in violation of the act of congress, March 2, 1893 (27 U. S. St. at Large, ch. 196, p. 531), making it unlawful for a carrier to use cars in interstate traffic not equipped with automatic couplers, and providing that employees injured by a car or train not so equipped shall not be deemed to have assumed the risk occasioned thereby, was held to set up a new cause of action which was barred by the statute of limitations. It was there said: "A departure in pleading may be either in the substance of the action or defense, or in the law on which it is founded."

In *Elrod v. St. Louis & S. F. R. Co.,* 113 Pac. 1046 (84 Kan. 444), the court held: "Where, in an action for injuries to a licensee, there was no allegation that defendant was negligent in failing to light its depot platform, the petition could not be amended so as to charge such failure as a ground of negligence after limitations had run against it."

*Chicago & A. R. Co. v. Scanlan,* 170 Ill. 106, was an action for injuries caused by the falling of a scaffold. The original declaration averred that the scaffold fell owing to its faulty construction. An amended declaration, filed after the statute of limitations had run, charged negligence in overloading the scaffold. It was held that this stated a new cause of action and the statute was a bar.

Where a complaint set up simple negligence, or wilful,

wanton or reckless conduct on the part of the defendant, and an amendment charged that the damages were caused by wilful, wanton or reckless conduct on the part of the defendant's servant, the court held that the amendment set up a new ground of liability, and, in determining whether the action was barred by limitations, the time should be calculated up to the date of filing the amendment. *Freeman v. Central of G. R. Co.*, 154 Ala. 619, 45 So. 898.

In *Whalen v. Gordon*, 95 Fed. 305, Judge Sanborn, writing the opinion, said: "An amendment to a petition, which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegation in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, does not relate back to the beginning of the action, so as to stop the running of the statute, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed; and this rule applies although the two causes of action arise out of the same transaction, and, by the practice of the state, a plaintiff is only required in his pleading to state the facts which constitute his cause of action."

Appellant also cites the case of *Van de Haar v. Van Domselcr*, 56 Ia. 671. In that case the original petition charged the defendant with seduction, and the amended petition charged him with rape. It was there held that as there was but a single transaction there could not be but a single cause of action, and as the charge of rape. was made for the first time when the amended petition was filed, such cause of action was barred, and the demurrer correctly sustained. That case has been cited a great many times under decisions on this subject, and the reasoning there seems applicable to the case now under consideration.

In *Johnson v. American Smelting & Refining Co.*, 80 Neb. 255, it was said: "What is a cause of action? We must keep in view the difference between the subject of action and the cause of action. The subject of action is what was formerly understood as the subject matter of the action. * * * The cause of action is the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant, on the other, *and these appear by the facts of each separate case.*" It was further said: "In an action to recover damages for negligence, 'the cause of action,' as used in pleading, is not the injury wrongfully inflicted through defendant's negligence, but is the fact or facts that justify the action, or show the right to maintain it." On page 258 of the opinion, it was said: "The cause of action in any case embraces not only the injury which the complaining party has received, but it includes more. All the facts which, taken together, are necessary to fix the responsibility are parts of the cause of action." This appears to be a true definition of a cause of action, and a cause of action has never consisted simply of negligence or duty or injury standing alone. All of these three things must be combined, and when one of the elements of the combination is charged a change takes place in the cause of action itself. This rule is followed in *Langenfeld v. Union P. R. Co.*, 85 Neb. 527, where it is said: "In order to constitute actionable negligence, there must exist three essential elements, namely, a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from the failure." In this case the original petition stated a cause of action against the defendants based on a violation of their duties as master. The violation of those duties constituted the cause of action. In the amended petition the attempt to recover upon that basis and for a violation of that duty was abandoned, and necessarily so, otherwise a directed verdict would have resulted. A new and different duty measured by other and different rules

is claimed to have been violated by the defendant under the amended petition, and the recovery is sought for a violation of those duties and obligations against the defendants as the owners of the premises and inviters to the plaintiff, Westover, as an invitee. It will not be claimed that a petition could present both causes of action, and that the two causes of action could be tried and submitted to the same jury. The time came when the plaintiff was obliged to choose between an attempt to hold the defendants for a violation of their duty to him as his master, and for a violation of their duty to him as the owner of the premises extending to him an invitation thereon. In the first case he attempted to recover because he was injured, and because of a violation of the duties of the defendants as master to plaintiff as their servant. In that cause of action he failed, and in the present case he seeks to recover because he was injured, and because of the violation of the duty of the defendants as owners of the premises and inviters, and himself as invitee. The cause of action resulting from the violation of that duty was not presented until more than four years after it had accrued, if it ever existed.

Counsel for plaintiff cite and rely largely upon *Gatta v. Philadelphia, B. & W. R. Co.*, 24 Del. 293, 76 Atl. 56. In that case the original petition alleged that the decedent was an employee of the defendant railway company, and a recovery was sought on that theory. An amended petition was filed alleging that plaintiff's intestate was not an employee of the defendant company, but was an employee of the Pullman company, and that the defendant was engaged in hauling the cars of the Pullman company, and charged negligence because the defendant did not warn plaintiff of the movement of the cars. It was held that the new petition did not state a new cause of action because it did not involve any change in the subject matter of the action, but was merely a variation in stating the cause of action, and corrected a misdescription of the same cause of action; that the imperfect state-

ment of the cause did not cause the correct statement of it to be a different cause of action, and did not convert the original suit into a new and different one, and therefore the plea of the statute of limitations was overruled.

We think that case is fairly distinguishable from the one at bar; but it may be conceded that there is a division of the authorities upon this question, caused largely by the language of the codes of the different states relating to the question of amendments. But, so far as we have been able to review the authorities, it seems clear that the great weight of authority sustains the contention of the defendants that the amended petition stated a new and different cause of action, and the new cause of action was barred by the statute of limitations.

It follows that the plea of the statute should have been sustained, and the jury should have been directed to return a verdict for the defendants. By thus disposing of the main question presented by the appellants, a discussion of the other errors assigned are rendered unnecessary.

The judgment of the district court is reversed, and the plaintiff's action dismissed.

REVERSED AND DISMISSED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.