FRED R. BLAIR, APPELLANT, v. KEITH B. KLEIN ET AL., APPELLEES.

125 N. W. 2d 669

Filed January 10, 1964. No. 35496.

William W. Graham, for appellant.

McCormack, McCormack & Brown, Wear, Boland, Mullin & Walsh, and A. Lee Bloomingdale, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Plaintiff and appellant Fred R. Blair brought this action in the district court for Douglas County, Nebraska. Its object was to recover for the value of a Cadillac automobile owned and operated by the plaintiff which was destroyed, together with damages for personal injuries suffered by the plaintiff, his wife, and two other occupants of said car. The action was brought against the defendants Keith B. Klein and Preferred Risk Mutual Insurance Company of Des Moines, Iowa.

The plaintiff will be referred to as such; and the defendants as such, or as Klein or the insurance company, where it is necessary to distinguish between them.

Inasmuch as certain aspects of the case turn on the pleadings they will be here summarized.

Plaintiff's original petition was filed in the trial court on January 8, 1962. The original petition was amended instanter by the plaintiff by interlineation after re-

questing and receiving permission to do so from the trial court on December 18, 1962.

The original petition as so amended is here summarized. The italicized portions are the interlined amendments so made which occur in the paragraphs quoted.

The petition, in paragraph No. 1, alleged the corporate existence of the insurance company, and that Klein was its authorized agent with power to bind it in relation to the agreement therein set out.

The second and third paragraphs of the petition with the amendments of December 18, 1962, in italics, are as follows: "II. On or about the 11th day of September, 1958, defendants verbally promised and agreed to insure plaintiff against public liability for bodily injury and property damage, medical payments, collision, comprehensive, personal effects, fire, lightning, transportation, theft, combined additional coverage, towing and labor costs, and family protection, growing out of the ownership, use, and operation of one Cadillac Four Door Sedan, 1953 model, and agreed to furnish plaintiff with a written insurance policy providing for said coverage, at which time plaintiff was to pay the annual premium on said policy, but defendants *through their negligence* wholly failed to deliver said written policy of insurance, although plaintiff at all times since said agreement was made *relied thereon and* has stood ready and willing to pay said premium, *and do (sic) to said negligence of defendants the plaintiff suffered the injuries and damages hereinafter set forth.*

"III. On or about the 17th day of October, 1958, on highway No. 10, about 2 miles east of Weldon, Illinois, said Cadillac Automobile, then and there being operated by the plaintiff, was in collision with another vehicle; and, as a result thereof was damaged and wrecked beyond value; and plaintiff and his wife, Lois L. Blair, and Grover Goodwin and Stella Goodwin, husband and wife, all were passengers in said Cadillac Automobile at the time of said collision, and all received severe and serious

injuries, resulting in ambulance service, medication, first aid, surgical, nursing, and hospital treatment; and plaintiff was put to great expense for ambulance and towing services, transportation and other incidental expense; all of which was *to be* covered under the insurance policy set forth in paragraph II above; *upon which plaintiff at all times relied."*

The fourth paragraph alleges the defendants were promptly notified of the loss and plaintiff promptly demanded payment therefor. It is followed by an itemized statement of losses, totalling $4,172.20, and a prayer for a judgment in that amount with costs.

After the amendments by interlineation were made the defendants, on December 20, 1962, were granted leave to plead instead of answering the amended petition. They thereupon filed a motion, first, to require the plaintiff to elect between an action for breach of contract and one based upon negligence because it was not clear whether the amended petition sounded in tort or contract; and, second, in the event plaintiff elected to base his action on tort to require him to set out the specific acts of negligence.

A journal of the court filed December 28, 1962, approved as to form by plaintiff's counsel, recites that at a hearing on December 27, 1962, plaintiff's counsel appeared in court and stated the action would be tried as a tort action based upon the alleged negligence of the defendants and that he was willing so to elect. The second portion of the motion to require the specific acts of negligence to be stated was then heard by the court. The court thereupon ordered that action be tried as a tort action based on negligence and not on contract and sustained the defendants' motion to require the specific acts of negligence to be set out and allowed the plaintiff until December 31, 1962, to file amendments.

On December 31, 1962, a supplemental amendment was filed setting out various specifications of negligence attributed to the defendants, consisting of failure

to use diligence in preparing, submitting, or passing on an application for insurance or in the issuance of an insurance policy, together with assurances by the defendants that plaintiff would be or was so insured, which acts, omissions, and assurances occurred between September 11, 1958, and the day of the accident on October 17, 1958, and on specified dates within said period; and that because thereof plaintiff was prevented from seeking other insurance and was placed in the position of using his automobile without formal insurance.

The defendants thereupon filed an amended answer to the plaintiff's petition, as amended, both by interlineation and by supplemental amendment. It consisted of a general denial, a plea of contributory negligence, and an allegation that the cause of action was barred by section 25-207, R. R. S. 1943.

At the conclusion of the plaintiff's evidence the defendants made a motion for a directed verdict in their favor, assigning several reasons among which were: "That the cause of action alleged in plaintiff's petition as amended is a new and different cause of action from that originally alleged in his petition and is barred by the Statute of Limitations, inasmuch as the original cause of action therein stated has been expressly abandoned by plaintiff through the plaintiff's election made in open court and appearing in the order of this Court dated December 28, 1962, * * *."

The defendants' motion for a directed verdict was sustained by the court and the cause was dismissed. Thereafter his motion for a new trial being overruled, the plaintiff has brought the cause to this court on appeal.

Plaintiff assigns error to the trial court in requiring him to elect whether to proceed on the tort action for negligence or on contract and in sustaining the defendants' motion for a directed verdict. He points out other alleged errors which in view of our decision have no significance.

A careful examination of the original petition of the plaintiff without the amendments in italics heretofore summarized herein, with pertinent portions thereof copied, shows quite clearly that it sought to recover on a contract of insurance. Paragraph I of the petition alleges that Klein had full power to represent the insurance company and bind it in relation to the making of the agreement set out. Paragraph II alleges that defendants verbally promised and agreed to insure plaintiff against the casualties therein listed and agreed to furnish plaintiff with a written policy of insurance which they failed to do. Paragraph III states the plaintiff incurred certain expenses as shown therein, all of which were covered under the insurance policy set forth in paragraph II above. Paragraph IV states the plaintiff promptly notified the defendants and demanded payment of the loss and damage, but they failed to pay the same.

The allegations added by the amendments by interlineation on December 18, 1962, and by the supplemental amendment of December 31, 1962, clearly show that the cause of action then pleaded was not based on a contract of insurance and that in fact there was no such contract. It was for negligence in failing to promptly prepare an application for or to issue such a policy. The first cause asserted was ex contractu, the second ex delicto.

The two causes involve distinctly different obligations owed by the defendants. In an action upon a contract of insurance the negligence of the defendants or contributory negligence of the plaintiff are not involved but the issues turn on the question of the existence of the contract and performance of its conditions. The cause of action asserted after the amendments is not based upon the contract but the neglect, delays, omissions, and assurances of the defendants relied on by the plaintiff, whereupon negligence and contributory negligence are the determining factors.

The plaintiff, to avoid the dilemma he faces upon the issue of the statute of limitations being raised by the answer and motion of the defendants, contends the allegations of the original petition sufficiently set out an action in tort for negligence in failing to issue the insurance policy. He calls attention particularly to the allegation in the original petition that defendants "failed" to deliver said written policy of insurance, maintaining that the word "failed" as defined by Webster is a falling short; a not doing; a neglect or omission or to be deficient in an obligation, duty or expectation; to neglect or omit. The amendments are urged to be simply an amplification or elaboration, clarifying the original petition.

We think however that whether an omission or "failure" constitutes negligence or a breach of contract depends upon whether the omission or failure arises out of a duty imposed by law measured by reasonableness and negligence or from such a duty imposed by an agreement resulting in a breach of contract. In the present case the defendants would have had a duty to deliver the written policy of insurance if there had been a contract of insurance between the parties. In the case before us we hold the allegations of failure to deliver the written policy are more consistent with an agreement of insurance than with an action for negligence in not preparing the application or the policy. Moreover, the rest of the original petition clearly sets forth an agreement of insurance.

In Johnson v. American Smelting & Refining Co., on rehearing, 80 Neb. 255, 116 N. W. 517, this court said: "All facts which, taken together, are necessary to fix the responsibility for an injury complained of constitute a cause of action.

"A cause of action alleged in an amended petition, although founded upon the same injury as that described in the original, is a different cause of action, if it is dependent entirely upon different reasons for hold-

ing the defendant responsible for the wrong alleged." The court in the cited case said: "It is the same injury, but a different liability is alleged against the defendant. It now appears that the failure to observe the distinction resulted in the erroneous conclusion reached at the former hearing. The injury, it is true, is the subject of the action. Had no injury been suffered, there would have been no cause of action. The cause of action in any case embraces, not only the injury which the complaining party has received, but it includes more. All the facts which, taken together, are necessary to fix the responsibility are parts of the cause of action." See, also, Westover v. Hoover, 94 Neb. 596, 143 N. W. 946, 48 L. R. A. N. S. 984; Streight v. First Trust Co., 133 Neb. 340, 275 N. W. 278.

The petition was first amended by interlineation on December 18, 1962, and the amendment setting out the specifications of negligence was filed December 31, 1962. These amendments were both made more than 4 years after the injuries complained of which occurred on October 17, 1958. The alleged acts of negligence occurred before that date. The cause of action stated in the petition so amended was barred by section 25-207, R. R. S. 1943.

"Where the facts incorporated into a petition by way of amendment constitute a cause of action separate and independent from that stated in the original petition, the statute of limitations against the cause of action pleaded in the amendment runs until the filing of such amended petition." Buerstetta v. Tecumseh Nat. Bank, 57 Neb. 504, 77 N. W. 1094. This rule has been approved by this court in its subsequent decisions. Tennyson v. Werthman, 167 Neb. 208, 92 N. W. 2d 559; Streight v. First Trust Co., *supra;* Westover v. Hoover, *supra.*

The plaintiff cites cases where the amendments to the petition were held not to state a different cause of action. One of the principal cases he relies on is Rhoads v. Columbia Fire Underwriters Agency, 128 Neb. 710,

260 N. W. 174, which does not involve the statute of limitations. It was with regard to a rider covering new improvements which was to be attached to a fire insurance policy. The petition alleged the facts involved in the transaction, including the execution of the application for the insurance and payment of the additional premium, and the assurance that the policy would be in effect the next day; that the policy, with the rider, was to be issued and was to be transmitted to the mortgagee; and that the plaintiff relied on the acts and representations of the defendants. The detailed allegations of fact set out in the opinion clearly stated facts constituting a cause of action in tort under the Code of Civil Procedure. This court held them sufficient in that respect and that they were sustained by the evidence; and that the issues should have been submitted to the jury notwithstanding the prayer for recovery under the insurance policy.

Other cases cited by the plaintiff are likewise cases where the cause set out in the original petition is but elaborated or amplified by amendment. They have no application. The distinction between them and the case at bar where a petition, alleging a wrong based upon a breach of contract, is changed to new cause based upon a wrong constituting a tort bottomed upon negligence, is clear.

The amendments to the petition constituted a new cause of action different from that stated in the original petition, and more than 4 years having expired between the injury to the plaintiff and the amendments to the petition, the cause of action was barred by the statute of limitations. § 25-207, R. R. S. 1943.

Plaintiff claims the trial court erred in requiring him to elect whether the action should proceed as one upon an insurance contract or upon tort based on negligence. It may first be said that the record does not sustain his contention that the court required or ordered him to make an election. The journal of the court, approved

as to form by plaintiff's counsel, recites that the attorney for the plaintiff appeared December 27, 1962, stated the action would be tried as a tort action based on negligence, and he was willing to so elect. Thereafter the motion to require the plaintiff to particularize the acts of negligence was submitted to and ruled on by the court. Moreover, it appears obvious from our examination of the bill of exceptions that there was no contract or agreement of insurance. The plaintiff's own testimony shows conclusively no such agreement was entered into. Under the circumstances no prejudice would arise if the election had been ordered. Before error requires reversal, it must be prejudicial to the rights of the party against whom it was made. Workman v. Workman, 174 Neb. 471, 118 N. W. 2d 764. The contention is without merit.

The action having been barred by the statute of limitations, it follows that the trial court was correct in its ruling sustaining the motion to direct a verdict and dismissing the action, and the judgment should be affirmed.

AFFIRMED.