Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:05 AM CST

- 814 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

Michael T. and Cathy D. Christensen, individually
and as parents and next friends of Chad M.
Christensen, and as Coguardians and
Coconservators of Chad M. Christensen,
a protected person, appellants and
cross-appellees, v. Broken Bow Public Schools,
also known as Broken Bow School District 25,
a political subdivision of the State of Nebraska,
defendant and third-party plaintiff, appellee
and cross-appellant, and Beverly L. Sherbeck,
Personal Representative of the Estate of
Albert F. Sherbeck, deceased, third-party
defendant, appellee and cross-appellant.

___ N.W.2d ___

Filed November 4, 2022.    No. S-21-885.

1. **Directed Verdict: Appeal and Error.** In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence.

2. **Statutes: Ordinances: Legislature: Intent: Torts: Liability.** In determining whether a statute or ordinance creates a duty, a court may determine that a statute gives rise to a tort duty to act in the manner required by the statute where the statute is enacted to protect a class of persons which includes the plaintiff, the statute is intended to prevent the particular injury that has been suffered, and the statute is intended by the Legislature to create a private liability as distinguished from one of a

- 815 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

public character. Consideration of the Legislature's purpose in enacting a statute is central to the analysis of whether the statute defines a duty in tort and creates private civil liability.

3. **Negligence: Proof: Statutes.** The violation of a statute alone does not prove negligence.

4. **Negligence: Proof: Probable Cause: Damages.** A plaintiff in ordinary negligence must prove all four essential elements of the claim: the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages.

5. **Negligence: Proof.** A cause of action for negligence depends not only upon the defendant's breach of duty to exercise care to avoid injury to the plaintiff, but also depends upon a showing that the injury suffered by the plaintiff was caused by the alleged wrongful act or omission of the defendant.

6. **Proximate Cause: Evidence.** Neb. Rev. Stat. § 60-6,273 (Reissue 2021) explicitly makes all "[e]vidence that a person was not wearing an occupant protection system or a three-point safety belt system" inadmissible for the issue of proximate cause.

7. **Statutes.** Statutory text is to be given its plain and ordinary meaning.

8. **Statutes: Appeal and Error.** An appellate court is not at liberty to add language to the plain terms of a statute to restrict its meaning.

Appeal from the District Court for Custer County: Karin L. Noakes, Judge. Affirmed.

David S. Houghton and Keith A. Harvat, of Houghton, Bradford & Whitted, P.C., L.L.O., and James V. Duncan and John O. Sennett, of Sennett, Duncan, Jenkins & Wickham, P.C., L.L.O., for appellants.

Matthew B. Reilly and Thomas J. Culhane, of Erickson | Sederstrom, P.C., L.L.O., for appellee Broken Bow Public Schools.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellee Beverly L. Sherbeck.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Stratman, District Judge.

- 816 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

Miller-Lerman, J.

## I. NATURE OF CASE

Appellants, Michael T. and Cathy D. Christensen, brought this case in the district court for Custer County individually and as parents of their son, Chad M. Christensen, who was seriously injured when a Broken Bow Public Schools (BBPS) activities van in which he was a passenger was hit head on by a truck driven by Albert F. Sherbeck. Chad was not wearing a seatbelt. The Christensens separately sued Sherbeck's widow, Beverly L. Sherbeck, as personal representative of Sherbeck's estate (the Sherbeck estate) and the cases were consolidated.

On remand from a memorandum opinion of the Nebraska Court of Appeals that reversed a directed verdict in favor of BBPS, the district court considered several additional arguments by BBPS. Following due consideration, the district court granted a directed verdict in favor of BBPS and against the Christensens, dismissed the Christensens' complaint, and dismissed BBPS' third-party complaint against the Sherbeck estate as moot. These rulings give rise to the instant appeal by the Christensens and the cross-appeals by BBPS and the Sherbeck estate.

In its order directing a verdict in favor of BBPS, the district court stated, inter alia, that despite the provision in Neb. Rev. Stat. § 60-6,267(2) (Reissue 2021) that drivers ensure seatbelt use for children, Neb. Rev. Stat. § 60-6,269 (Reissue 2021) "explicitly states, 'violations of the provisions of sections 60-6,267 . . . shall not constitute prima facie evidence of negligence.'" The district court noted that Neb. Rev. Stat. § 60-6,273 (Reissue 2021) prohibits "using evidence that a person was not wearing a seatbelt to establish proximate cause" and in the absence of other admissible evidence of proximate cause, the Christensens' claims failed and were dismissed. Because we agree with the district court's reading of the relevant statutes, we affirm its order of a directed verdict in favor of BBPS and in addition dismiss the cross-appeals as moot.

- 817 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

## II. STATEMENT OF FACTS

### 1. The Collision

On June 1, 2012, a BBPS activities van collided with a truck driven by Sherbeck. The van was driven by Zane Harvey, a high school basketball coach for BBPS. Another coach, Anthony Blum, and eight students, including Chad, were passengers in the van, which was returning from a summer basketball clinic in Kearney, Nebraska. Sherbeck's vehicle crossed the centerline and collided head on with the van. Sherbeck, Harvey, and Blum died at the scene. The Christensens' son, Chad, was riding in the van unrestrained by a seatbelt and was seriously injured. Chad was age 17 at the time of the accident.

### 2. Procedural History

The Christensens filed separate actions against BBPS and against Sherbeck's widow, as personal representative of the Sherbeck estate. In the action against BBPS, the Christensens asserted five separate theories of recovery, including claims that (1) BBPS was negligent in its operation of the van and was negligent in its supervision of the students because it failed to ensure that students were wearing seatbelts and (2) BBPS violated § 60-6,267(2), which provides:

> Any person in Nebraska who drives any motor vehicle which has or is required to have an occupant protection system or a three-point safety belt system shall ensure that all children eight years of age and less than eighteen years of age being transported by such vehicle use an occupant protection system.

The district court consolidated the cases; the case against the Sherbeck estate was tried to a jury and the case against BBPS was tried to the court. The jury returned a verdict in favor of the Sherbeck estate on the Christensens' claims against it. The Court of Appeals affirmed the judgment in the case against the Sherbeck estate in *Christensen v. Sherbeck*, 28 Neb. App. 332,

- 818 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

943 N.W.2d 460 (2020), and we denied the Christensens' petition for further review.

At the close of evidence in the Christensens' case in chief against BBPS, BBPS moved for a directed verdict. The district court granted a directed verdict in favor of BBPS on the grounds that Sherbeck's vehicle's crossing the centerline constituted an efficient intervening cause that broke the causal connection between Chad's injuries and any failure on the part of BBPS to ensure that Chad was wearing a seatbelt.

The Christensens appealed, and the Court of Appeals reversed the district court's decision to grant a directed verdict. See *Christensen v. Broken Bow Public Schools*, No. A-19-125, 2020 WL 5785351 (Neb. App. Sept. 29, 2020) (selected for posting to court website).

The Court of Appeals concluded that the district court erred when it found, as a matter of law, that Sherbeck's actions constituted an efficient intervening cause. For purposes of its analysis, the Court of Appeals assumed without deciding that BBPS had a duty to ensure that Chad was wearing a seatbelt while riding in the school activities van. Based on that assumption, the Court of Appeals reasoned that the purpose of such a duty would be to protect children in the event of any sort of traffic accident and that therefore, the potential for liability based on a violation of that duty did not rest on the foreseeability of the exact circumstances of the collision. The Court of Appeals concluded that because a head-on collision between the van and another vehicle was the sort of harm against which a seatbelt was meant to protect, the collision could not, as a matter of law, constitute an efficient intervening cause to insulate BBPS from liability for failing to ensure that Chad was wearing a seatbelt. The Court of Appeals remanded the cause to the district court with directions to consider the other arguments BBPS made in its motion for directed verdict, and, if it rejected those other arguments, to proceed with BBPS' presentation of evidence in its defense.

- 819 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

BBPS moved for rehearing and argued that the Court of Appeals should have addressed its alternative argument that § 60-6,269 precluded the Christensens from establishing a negligence claim against BBPS based on the failure to ensure that Chad was wearing a seatbelt. The Court of Appeals denied the motion for rehearing, and we denied further review.

### 3. District Court Order
### on Remand

Upon remand, the district court, as directed by the Court of Appeals, considered BBPS' other arguments for directed verdict. The district court rejected BBPS' argument that Harvey's and Blum's actions related to the trip in the van were outside the scope of their employment with BBPS because, as asserted by BBPS, the trip occurred during the summer, which was outside the period of their teaching/coaching contracts. The court reasoned that although their work was gratuitously provided outside the time of their contracts, it was within the scope of their employment, and that BBPS was not relieved of liability on that basis.

The district court then considered BBPS' argument regarding the effect of § 60-6,269. The district court noted that § 60-6,269 "explicitly states, 'violations of the provisions of sections 60-6,267 and 60-6,268 shall not constitute prima facie evidence of negligence.'" The court determined that given the language of § 60-6,269, the Christensens' claim based on violation of § 60-6,267 must fail, and that BBPS' motion for directed verdict should be granted.

In its analysis, the district court noted that there was no evidence that the actions of Harvey and Blum were deficient in any way other than failing to ensure that the students were wearing seatbelts. In considering the evidence of the elements of the Chistensens' negligence claim, the court noted the provisions of § 60-6,273, which state:

> Evidence that a person was not wearing an occupant protection system or a three-point safety belt system at

- 820 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

the time he or she was injured shall not be admissible in regard to the issue of liability or proximate cause but may be admissible as evidence concerning mitigation of damages, except that it shall not reduce recovery for damages by more than five percent.

The court stated that the plain language of § 60-6,273 "prohibits using evidence that a person was not wearing a seatbelt to establish proximate cause" and that it also "clearly prohibits evidence of non-use in regard to liability." The court determined that because § 60-6,273 "does not allow evidence of non-use of a seatbelt to prove liability or proximate cause" and because the Christensens presented no other evidence of proximate cause, their various claims for negligence must fail.

Having determined that the Christensens had not presented evidence to support their claims, the court dismissed all of the Christensens' claims against BBPS. The court later denied the Christensens' motion for a new trial and dismissed BBPS' third-party complaint against the Sherbeck estate as moot.

The Christensens appeal, and BBPS and the Sherbeck estate cross-appeal.

## III. ASSIGNMENTS OF ERROR

The Christensens claim, summarized and restated, that the district court erred when it interpreted §§ 60-6,269 and 60-6,273 to preclude their claims against BBPS and determined that they had not presented evidence other than nonuse of seatbelts to support their claims.

In its cross-appeal, BBPS claims, restated, that the district court erred when it found that BBPS employed Harvey and Blum on the date of the collision, and BBPS also asserts that it was entitled to summary judgment on various defenses, including assumption of risk and contributory negligence.

In its cross-appeal, the Sherbeck estate contends that all claims against it in this case are barred by issue preclusion and the law-of-the-case doctrine.

- 821 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

## IV. STANDARD OF REVIEW

[1] In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *de Vries v. L & L Custom Builders*, 310 Neb. 543, 968 N.W.2d 64 (2021).

## V. ANALYSIS

The Christensens claim that the district court erred when it granted a directed verdict and dismissed all of their claims against BBPS. We conclude that through Nebraska's statutes addressing civil litigation and seatbelt use, the Legislature has determined the legal significance of seatbelt nonuse and specifically did not intend for evidence of seatbelt nonuse to be admissible to show proximate cause and create civil liability. As we explain below and given the record, we affirm the order of the district court, which directed a verdict in favor of BBPS. Consequently, the cross-appeals filed by BBPS and the Sherbeck estate are moot.

### 1. Relevant Statutes

We begin by setting forth the statutes relevant to our analysis. Section 60-6,267(2) describes a driver's responsibility to ensure seatbelt use by children. It provides:

> Any person in Nebraska who drives any motor vehicle which has or is required to have an occupant protection system or a three-point safety belt system shall ensure that all children eight years of age and less than eighteen years of age being transported by such vehicle use an occupant protection system.

Neb. Rev. Stat. § 60-6,268 (Reissue 2021) makes it an infraction to violate subsections (1) or (2) of § 60-6,267 and provides for a monetary fine.

- 822 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

Section 60-6,269 provides for the legal significance of violations and compliance with seatbelt usage and states:

> Violations of the provisions of sections 60-6,267 and 60-6,268 shall not constitute prima facie evidence of negligence nor shall compliance with such sections constitute a defense to any claim for personal injuries to a child or recovery of medical expenses for injuries sustained in any motor vehicle accident. Violation of such sections by a driver shall not constitute a defense for another person to any claim for personal injuries to a child or recovery of medical expenses for injuries sustained in any motor vehicle accident.

Critical to our analysis is the evidentiary rule set forth in § 60-6,273:

> Evidence that a person was not wearing an occupant protection system or a three-point safety belt system at the time he or she was injured shall not be admissible in regard to the issue of liability or proximate cause but may be admissible as evidence concerning mitigation of damages, except that it shall not reduce recovery for damages by more than five percent.

## 2. CHRISTENSENS' CLAIMS AGAINST BBPS

Many of the Christensens' arguments are based on their linguistic examination of the statutory framework set forth above that they contend distinguishes between seatbelt use by adults, which is inadmissible in regard to liability or proximate cause, and seatbelt use by children, which they contend may be admitted to demonstrate the negligence of a driver who fails to secure them. As we explain below, we reject these arguments. Reading the statutes in harmony, we conclude that a driver's violation of a seatbelt statute does not form a prima facie case of his or her negligence and that such evidence is inadmissible on the issue of liability or proximate cause predicated on seatbelt nonuse, including a claim on behalf of a child for personal injuries.

- 823 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

(a) Breach of a Statutory "Duty" and
Evidence of Proximate Cause

The Christensens assert that §§ 60-6,269 and 60-6,273 apply only to seatbelt use by adults. They further contend that by not securing a child, a driver has violated § 60-6,267(2) and has thereby breached his or her duty to protect children from collisions. That is, the Chistensens claim that failure to comply with § 60-6,267(2) in and of itself forms the basis for a breach of a statutory duty for purposes of negligence. The Christensens contend that the policy goals of the Legislature are tailored to protect an accident victim and not to protect a driver who broke a child safety law from being held accountable in civil court by the parents of an injured child.

[2] In determining whether a statute or ordinance creates a duty, a court may determine that a statute gives rise to a tort duty to act in the manner required by the statute where the statute is enacted to protect a class of persons which includes the plaintiff, the statute is intended to prevent the particular injury that has been suffered, and the statute is intended by the Legislature to create a private liability as distinguished from one of a public character. *Stonacek v. City of Lincoln*, 279 Neb. 869, 782 N.W.2d 900 (2010) (quoting *Claypool v. Hibberd*, 261 Neb. 818, 626 N.W.2d 539 (2001)). Consideration of the Legislature's purpose in enacting a statute is central to the analysis of whether the statute defines a duty in tort and creates private civil liability. *Stonacek v. City of Lincoln, supra*.

We conclude that the plain statutory language does not support the Christensens' theory of the Legislature's intention. The provision in § 60-6,269 that a violation of § 60-6,267 "shall not constitute prima facie evidence of negligence" is antithetical to the prosecution of a negligence case based on a driver's failure to secure a child. The Legislature's inclusion of § 60-6,269 shows that the purpose of the statutory scheme was decidedly not to create private civil liability.

- 824 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

[3-5] Even if BBPS' violation of § 60-6,267 breached a statutory duty to ensure Chad was using an occupant protection system, it is fundamental that the violation of a statute alone does not prove negligence. A plaintiff in ordinary negligence must prove all four essential elements of the claim: the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages. *Susman v. Kearney Towing & Repair Ctr.*, 310 Neb. 910, 970 N.W.2d 82 (2022). A cause of action for negligence depends not only upon the defendant's breach of duty to exercise care to avoid injury to the plaintiff, but also depends upon a showing that the injury suffered by the plaintiff was caused by the alleged wrongful act or omission of the defendant. *Id*. In *Susman*, we recently recalled one of our earliest negligence cases, which stated: "'"The cause of action in any case embraces not only the injury which the complaining party has received, but it includes more. All the facts which, taken together, are necessary to fix the responsibility are parts of the cause of action."'" 310 Neb. at 921, 970 N.W.2d at 91 (quoting *Westover v. Hoover*, 94 Neb. 596, 143 N.W. 946 (1913)).

[6-8] Even assuming that the violation of § 60-6,267 breached a duty of care, there is no admissible evidence that violation of the child seatbelt requirement proximately caused Chad's injuries. To the contrary, § 60-6,273 explicitly makes all "[e]vidence that a person was not wearing an occupant protection system or a three-point safety belt system" inadmissible for the issue of proximate cause. Statutory text is to be given its plain and ordinary meaning. *Dutcher v. Nebraska Dept. of Corr. Servs., ante* p. 405, 979 N.W.2d 245 (2022). An appellate court is not at liberty to add language to the plain terms of a statute to restrict its meaning. *Id*. The Legislature has dictated that seatbelt nonuse is excluded on the issue of proximate cause.

The Christensens urge us to factor in Chad's age as a child into our statutory analysis. This argument is unavailing.

- 825 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

We are aware that the Legislature imposed a fine on drivers who fail to secure children in their vehicles. See § 60-6,268. However, it did not distinguish the age or status of the "person" without the seatbelt when setting forth the evidentiary rule in § 60-6,273. According to the Legislature, all nonuse evidence is inadmissible regarding proximate cause. *Id*. We are not inclined to add language regarding age to change the statute's exclusionary plain meaning. See *id.* Indeed, we have explained in the past that given the language of § 60-6,273, evidence of seatbelt nonuse is admissible only for mitigation of damages. *Werner v. County of Platte*, 284 Neb. 899, 824 N.W.2d 38 (2012); *Fickle v. State*, 273 Neb. 990, 735 N.W.2d 754 (2007), *modified on denial of rehearing* 274 Neb. 267, 759 N.W.2d 113.

In this case, aside from the failure to ensure Chad was restrained by a seatbelt in the activities van, there was no evidence that Harvey's or Blum's actions were deficient. Without the seatbelt evidence, the Christensens' claims based on BBPS' violation of § 60-6,267, or even a purported breach of a statutory duty based in § 60-6,267, were properly dismissed. We find no error in the directed verdict in favor of BBPS.

### (b) Evidence of BBPS' Negligent Supervision of Students

The Christensens attempt to circumvent §§ 60-6,267 and 60-6,269 by arguing that seatbelt nonuse by a student could be direct evidence that the school breached its duty to exercise reasonable care under the circumstances. We reject this argument.

The circumstances of this case are unrestrained children in a van which was hit head on by a truck. Evidence of a person's seatbelt nonuse is inadmissible for the issue of "liability or proximate cause." § 60-6,273. The district court properly excluded evidence of seatbelt nonuse. See § 60-6,273. Without evidence of seatbelt nonuse, which evidence was essential to the claim of negligent supervision, but which

- 826 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
CHRISTENSEN v. BROKEN BOW PUBLIC SCHOOLS
Cite as 312 Neb. 814

was properly excluded, the Christensens' evidence failed to show proximate cause. Taking every controverted fact resolved in the Christensens' favor and giving them the benefit of every inference which can reasonably be deduced from the admissible evidence, we agree with the district court that the Christensens failed to show that BBPS caused Chad's injuries. We find no error in the directed verdict in favor of BBPS.

### 3. Cross-Appeals and BBPS' Third-Party Complaint Against Sherbeck Estate

In view of our disposition affirming the directed verdict in favor of BBPS, we determine that the district court correctly dismissed as moot BBPS' third-party complaint against the Sherbeck estate.

## VI. CONCLUSION

For the reasons explained above, we affirm the order of the district court that directed the verdict in favor of BBPS and dismissed the Christensens' claims against BBPS. The issues raised by the cross-appeals filed by BBPS and the Sherbeck estate are now moot or without merit, and we decline to reach them. See *In re Maint. Fund of Sunset Mem. Park Chapel*, 302 Neb. 954, 925 N.W.2d 695 (2019).

AFFIRMED.

FREUDENBERG, J., not participating.